## CUMMING *vs.* WAGGONER.

Upon a reference to a master to examine the defendant on interrogatories relative to an alleged contempt, and to take such other proof concerning the contempt as shall be produced before him by either party, the master is not authorized to receive the ex parte affidavits of witnesses; unless he is specially directed, by the order of reference, to receive such affidavits as proof. And as a general rule the court will not allow ex parte affidavits to be used on such a reference; but will compel the parties to produce and examine the witnesses before the master, so that they may be cross-examined by the adverse party.

1839.

Cumming
v.
Waggoner.

July 2.

THE defendant in this case was brought before the court upon an attachment for an alleged breach of an injunction issued upon a creditors' bill. And a reference was made to a master to examine the defendant on interrogatories, and to take such other proof concerning the alleged contempt as should be produced before the master by either party, and to report such answers and proofs to the court. But there was no provision in the order of reference authorizing either party to produce affidavits before the master. Upon the reference, the complainant produced and examined various witnesses, in relation to the alleged contempt and the extent of injury which he had sustained thereby. But the defendant, instead of producing his witnesses before the master, with one or two exceptions, produced their affidavits before the master, taken ex parte; which proof was objected to by the complainant's counsel as unauthorized by the order of reference. The master received the affidavits subject to the objection and annexed them as a schedule to the report. Two breaches of the injunction, the one for receiving $6,50 due on a judgment to the defendant, and the other for selling wood to the amount of $3, were admitted by the defendant in his answers, in connection with the proofs. But the principal breach consisted in the defendant's cutting down and carrying off the wood and timber from land which the complainant had contracted to sell to the defendant, for a part of the purchase money of which land the judgment on which the bill in this case was founded had been recovered against the defendant. In the answers of the defendant to the interrogatories he attempted to change the alleged breach of the injunction, as to the cutting and sale of the timber and wood, into a mere wilful trespass; by swearing to a parol agreement, previous to the issuing of the injunction, to give up the possession of the lot to the complainant as his property; as to which alleged agreement various witnesses were examined, or their ex parte affidavits produced. And the cause was heard before the chancellor for a final decision as to the alleged contempt.

*I. Williams,* for the complainant.

*T. B. Mitchell,* for the defendant.

THE CHANCELLOR. Two breaches of the injunction are clearly established, the injury of which to the adverse party does not exceed $8,50. The principal injury arises from the alleged breach in cutting down and carrying off or selling the wood and timber upon the lot which the defendant had contracted to purchase from the complainant. Even if the affidavits taken ex parte, and produced as proofs before the master, had been authorized by the order of reference, they would not materially vary the case. It is evident from the whole case, that at the time this wood and timber was cut the defendants had a subsisting equitable interest in this wood lot, under the complainant's written contract therefor, and that he entered and cut the wood and timber in question under a claim of such interest; notwithstanding the pretended parol agreement to give up the possession. I do not believe, from any thing that is before me in this case, that the defendant supposed he and those with whom he acted were committing a wilful trespass, upon lands to which he had no legal or equitable claim. But he probably did not, at the time, reflect that in thus asserting his right to the possession of the lot, he was guilty of an act which was equally criminal as a wilful trespass in cutting timber; a breach of the injunction of this court. I must therefore declare that the defendant is guilty of the contempt and misconduct charged against him in this respect, as well as in receiving the $6,50 on the judgment of Yates and the $3 for wood of Spraker.

As to the extent of the injury which has been sustained by the breach of the injunction, the ex parte affidavits produced by the defendant vary materially from the testimony of most of the witnesses who have been examined and cross-examined before the master. It is therefore necessary to inquire whether those affidavits are properly before the court, for the purpose of disposing of this case. The statute provides that the court may receive any affidavits or other

1839.

Cumming
v.
Waggoner.

proofs, contradictory of the answers of the defendant, or in confirmation thereof. (2 *R. S.* 537, § 19.) It is therefore a matter of discretion in the court to receive affidavits, in confirmation of the answer, or to contradict the same ; as well as proofs taken by the examination of witnesses in a more formal way. But as much less reliance can be placed upon ex parte affidavits than upon the testimony of a witness taken in a different manner, where the adverse party may have the benefit of a cross-examination, the practice of the court, under these provisions of the revised statutes, has generally been to refer it to a master to take the answers of the defendant to the interrogatories, and to take such proofs as either party may produce before him in relation to the alleged contempt. In this way the parties are enabled to compel the attendance of unwilling witnesses, to give testimony before the master ; and the benefit of a cross examination is secured. But such order does not authorize the master to take ex parte affidavits, as proofs before him, unless there is a special clause in the order to that effect ; as I think there was in the case of *Stagg* v. *Outwater*, referred to by Mr. Hoffman as having been decided in November, 1833. (1 *Hoff. Prac.* 437.) Where there are any circumstances rendering it proper that affidavits of any of the witnesses should be received, instead of requiring a personal attendance and examination before the master, the counsel should ask for a special clause to that effect to be inserted in the order of reference ; or a clause reserving to him the right to read such affidavits before the court, after the master has reported the answers of the defendant and the proofs taken before him. As a general rule, however, the court will not allow any new affidavits to be used, where there is a reference to a master to take the proofs of the parties relative to the alleged contempt ; but will compel them to bring their witnesses personally before the master, so that they may be cross-examined by the adverse party.

As the counsel for the defendant has undoubtedly proceeded upon the mistaken supposition that these affidavits might be used, upon the final decision of this application, in the same manner as if the witnesses had been formally ex-

amined, I should send the case back to the master, to enable him to produce and examine the witnesses, if the expense of such a proceeding would not exceed the difference between their estimate, of the injury done by cutting the wood and timber, and the estimate of the complainant's witnesses. From that testimony the injury sustained by this breach of the injunction is from one to two hundred dollars. And probably no injustice will be done to the defendant by fixing it at $150; as this part of the fine, when collected, will be applied towards the satisfaction of the judgment upon which the complainant's bill is founded. The fine to be imposed upon the defendant, for the several breaches of the injunction of which he has been guilty, must be $159,50, with the taxable costs of these proceedings added thereto. And the defendant must be committed until the fine is paid : that part of the same which is for the costs being paid to the complainant's solicitor, and the residue being brought into court to abide the event of this suit, and to be paid over to the complainant, in part satisfaction of his debt and costs, if he succeeds in obtaining a decree against the defendant.